# SUPREME COURT.

HENRY S. METCALF and others, THE BOARD OF COM-
MISSIONERS OF EXCISE of Ontario County, respondents,
agt. LEMAN B. GARLINGHOUSE, appellant.
SAME agt. SAME.

*Service* of *notice of appeal* from a justice's judgment, on *one member* of the board of
   commissioners of excise of a county, is no service on the board.
Such a notice is in the nature of *process*, and its due service upon all the members
   of the board is necessary to confer jurisdiction upon the appellate court, to hear
   the appeal.

*Seventh Judicial District, General Term, March,* 1870.
*Present,* JOHNSON, J. C. SMITH *and* DWIGHT, *Justices.*
APPEAL from order of county court, dismissing appeal
from judgment in justices court to county court. The facts
are sufficiently stated in opinion.

GOODING & STARK, *for appellant.*
E. G. LAPHAM, *for respondent.*

*By the court,* JOHNSON, J.—The appeal is from an order
of the county court, dismissing an appeal to that court, by
the appellant, from the judgment in a justice's court against
him, in favor of the respondent. The notice of appeal was
served upon one of the respondents only ; but was correctly
served in all other respects. The appeal was dismissed in
the county court on that ground.

The Code provides, among other things, that notice of
appeal, must be served upon the respondent, (*Code,* § 354.)
This notice must be in writing, and is in the nature of a

process, and its due service is a matter of the first import-
ance, because upon that, depends the jurisdiction of the
appellate court, (*People* agt. *Eldridge*, 7 *How.*, 108; 2
*Wait's Law and Prac.*, 781.) The question then arises,
whether a service upon one member of the board of com-
missioners, is a sufficient service upon the respondents.
It is clear, I suppose, that a service of process upon one
of the members, would not be sufficient to constitute the
commencement of an action against the board. And in the
case of *Board of Excise* agt. *Sackrider*, (35 *N. Y.*, 154,) it
was held, that one member of the board without the assent
and concurrence of the others, could not employ an
attorney and authorize him to commence a particular
action; and that the board could not employ an attorney,
and delegate to him authority, to prosecute any person he
might choose to prosecute for a violation of the excise law.
The principle asserted in that case is the familiar one, that
where power is delegated to several to be exercised for the
public good, they must all confer together, and determine
what shall be done, by majority, or unanimously, and can-
not delegate this power of determination to another; unless
the notice of the appeal was served upon the respondents,
the appeal was properly dismissed. It is said on the
part of the appellant, that the commissioners are con-
stituted a board, and service upon one, is service upon
the board, which is the respondent. But the board is
composed of three persons, neither one is the board
nor any member, short of the whole. The three con-
stitute the board, and the service to be upon the board
must be upon the three persons who constitute it. It
is not an artificial body, like a corporation. It is a *quasi*
corporation only, like overseers of the poor, commissioners
of highways, and the like. It is an official body, merely
of which each member is an essential, constituent part,
and as an act by one member, without the authority and
consent of the others, is not the act of the body, but is as

no act, in respect to the body. So a transaction between a third person and one of the members, or the service of a notice, by the former upon the latter is equally void and of no effect, as regards the official body. It was decided in the case of *The People* agt. *Lawrence*, (54 *Barb.*, 589,) that upon an appeal from an assessment of damages by the highway commissioners, notice must, as a condition precedent to the appeal taking effect, be served upon all the commissioners. That where there was more than one commissioner, service of the notice upon one only, was a nullity and conferred no jurisdiction upon the appellate tribunal. This decision, I think, covers this case. I am of the opinion, therefore, that no notice of the appeal in this case, has been served upon the respondents, within section 354 of the Code, and that the appeal was properly dismissed.

Order affirmed, with costs of the appeal.